**SO ORDERED.**

**SIGNED this 05 day of October, 2007.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

**DALE ARMSTRONG**

      **DEBTOR**                       **CASE NO. 07-2308-8-JRL**

_____

**ORDER**

This case is before the court on the trustee's objection to the debtor's exemptions and the trustee's motion for turnover. On September 25, 2007, the court conducted a hearing on this matter in Wilmington, North Carolina.

On June 27, 2007, Mr. Armstrong filed for relief under Chapter 7 of the Bankruptcy Code. On the date of his Chapter 7 petition, the debtor maintained two bank accounts at Wachovia Bank, N.A. He held a balance of $3,102.98 in his Wachovia checking account and a balance of $570.03 in his Wachovia savings account. These balances totaled $3,673.01 as of the petition date. On Schedule B, filed with the Debtor's petition, the Debtor represented under penalty of perjury that only $260.00 was held in his Wachovia accounts. The debtor again represented at the § 341 meeting of creditors that his schedules were true and correct and that he had scheduled all of his property. At the hearing, the trustee presented two exhibits to support

his motion for turnover of property. Exhibit A, which was authenticated at the hearing by the debtor, is an ATM receipt printed on June 27, 2007, showing a balance of $3,102.98 in the debtor's Wachovia checking account. The trustee also presented a Wachovia savings account statement, marked as Exhibit B, which showed that the debtor had a balance of $570.03 in his Wachovia savings account on June 30, 2007. The trustee contends that the debtor failed to disclose $3,413.01 ($3,673.01 representing the actual balance of the debtor's two Wachovia accounts, less the $260.00 disclosed balance). The trustee asserts that this undisclosed balance is property of the estate which the debtor failed to schedule, and therefore the trustee is entitled to an order requiring the debtor to turn over and deliver to the trustee funds in the amount of the undisclosed bank balance.

The trustee also objects to the debtor's claim of exemptions in his bank balances with Wachovia Bank, to the extent that these balances were not originally scheduled by the debtor. The debtor held $3,673.01 in his Wachovia bank accounts on the petition date, yet the debtor represented under penalty of perjury in his petition that he held only $260.00 in those accounts. The trustee asserts that the debtor only scheduled and claimed an exemption in the bank balances after the trustee discovered the true balances. The trustee requests that the debtor not be permitted to amend his exemptions to claim an exemption in the bank balances. The debtor asserts that his earlier failure to be accurate as to the Wachovia Bank account balances on his petition was done in ignorance, and not with the intent to deceive the trustee. The debtor has since amended his petition in accordance with the statements received from Wachovia since the date of the debtor's Chapter 7 petition.

Property of the bankruptcy estate includes "all legal or equitable interests of the debtor in

property as of the commencement of the case." 11 U.S.C. § 541(a)(1).  A debtor in a Chapter 7 case is required to prepare a schedule of assets and liabilities, which must be filed with the petition or within 15 days thereafter.  Bankr. R. 1007(b)-(c).  Further, Bankruptcy Rule 1008 requires that this schedule "be verified or contain an unsworn declaration as provided in 23 U.S.C. § 1746." Bankr. R. 1008.  Here, the debtor failed to disclose the accurate amount of funds contained in his two Wachovia bank accounts in his schedules filed with his Chapter 7 petition.  Regardless of the whether the failure to disclose was intentional or due to ignorance or oversight, the court finds that the debtor had $3,673.01 in his Wachovia bank accounts at the time of filing the Chapter 7 petition.  This property was not disclosed on the debtor's schedules and no exemption in the property was claimed at the time of filing, and no justifiable reason has been provided for this omission. The money is therefore property of the bankruptcy estate, and the $3,102.98 in undisclosed funds should be turned over to the Chapter 7 trustee.

Based on the forgoing, the trustee's motion for turnover and objection to exemption is ALLOWED.  The debtor is directed to turn over to the Chapter 7 trustee the $3,102.98 in undisclosed funds that were in the debtor's Wachovia bank accounts at the time of filing his Chapter 7 petition.

"**END OF DOCUMENT**"